# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
NELSON L. COHEN, BAR NO. 7657.

No. 72989

FILED

NOV 29 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Nelson L. Cohen be suspended for five years and one day for violating RPC 4.1 (truthfulness in statements to others) and RPC 8.4 (misconduct).[1] The panel also recommended that Cohen pay restitution in the amount of $214,345 and pay fees and costs of the disciplinary proceedings. Because no briefs have been filed, this matter stands submitted for decision on the record. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Cohen committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). Here, the State Bar presented testimony and documentation showing that,

---

[1]This court temporarily suspended Cohen from the practice of law in January 2017. *In re Discipline of Cohen*, Docket No. 71846 (Order Granting Petition for Temporary Suspension, January 20, 2017).

17-41044

for approximately four years, Cohen sought and obtained reimbursement for expenses that he did not actually incur during the course of representing an insurance client. Specifically, Cohen repeatedly made false entries on expense forms, allowed his insurance client to be billed for and pay those false charges, and accepted the fraudulent reimbursement funds totaling $214,345 from his firm. By falsely representing to his client and his firm that he was owed the reimbursements, he engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation. We therefore conclude that clear and convincing evidence supports the panel's findings that Cohen violated RPC 4.1 and RPC 8.4.

Turning to the appropriate discipline, while the hearing panel's recommendation is persuasive, we review the recommendation de novo. SCR 105(3)(b). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating and mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). Cohen violated a duty owed to his client and to the legal profession: truthfulness in statements to others. Cohen's conduct was intentional and significantly harmed his client and the integrity of the profession. Absent mitigating circumstances, disbarment is appropriate for his misconduct. ABA Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.61 (2016) ("Disbarment is generally appropriate when a lawyer knowingly deceives a client with the intent to benefit the lawyer or another, and causes serious injury or potentially serious injury to a client."); *id.*, Standard 5.11(b) (stating that disbarment is appropriate when "a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or

 

misrepresentation that seriously adversely reflects on the lawyer's fitness to practice"). The hearing panel found four aggravating circumstances (dishonest or selfish motive, a pattern of misconduct, substantial experience in the practice of law, and illegal conduct) and five mitigating circumstances (absence of a prior disciplinary record, personal or emotional problems, full and free disclosure or cooperative attitude toward the proceeding, character or reputation, and interim rehabilitation), all of which are supported by the record. In light of the mitigating circumstances, we conclude that a suspension of five years and one day is appropriate and sufficient to serve the purpose of attorney discipline—to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988).

Accordingly, we suspend attorney Nelson L. Cohen from the practice of law in Nevada for five years and one day, retroactive to January 20, 2017, the date of his temporary suspension. Cohen shall pay $214,345 in restitution, with repayment at a rate of no less than 10% of his gross income per year. If Cohen negotiates a repayment amount less than $214,345 with his firm's insurance carrier, he shall pay the remaining funds directly to the Nevada State Bar Client Security Fund. Cohen shall also pay the costs of the disciplinary proceedings, including $2,500 under SCR 120, within 30 days of the date of this order. Cohen must petition for reinstatement under SCR 116, *see* SCR 102(2). Before he can be reinstated to the practice of law, Cohen must pay the restitution amount in full and also successfully complete the State Bar examination, *see* SCR 116(5), and

the Multistate Professional Responsibility Exam (MPRE).[2]  The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Parraguirre

HARDESTY and STIGLICH, JJ., dissenting:

We do not agree that suspension is an adequate discipline for Cohen's violations.  Over the course of five years, Cohen intentionally and repeatedly stole more than $200,000 by submitting false expense forms to his firm and billing his client for reimbursement of expenses he did not incur.  Before this fraudulent scheme was discovered, partners at his law firm learned that he was padding his billable hours on flat-fee cases to make it appear that he had worked more hours than he actually had.  Though this was a fireable offense, the partners allowed him to continue working at the firm after he expressed remorse and vowed never to deceive them again.  Yet, despite this promise and second chance, Cohen continued to lie to his

---

[2]The hearing panel also recommended some other conditions on Cohen's practice of law in the event of his reinstatement; however, we conclude such conditions are more appropriately addressed during reinstatement proceedings.

SUPREME COURT
OF
NEVADA

(O) 1947A

partners and to his client about his expenses and submit false requests for reimbursements for several more years. At the disciplinary hearing, Cohen minimized the seriousness of his conduct by stating that it did not hinder the administration of justice and neither the client nor the law firm suffered any loss, as the firm reimbursed the client and was itself insured for the amount stolen by Cohen. Cohen himself had not made any attempt to pay back the money he stole. Cohen also appeared to blame his overbilling and theft in part on his law firm's culture and lack of oversight. Given the egregiousness of his misconduct, his violation of fiduciary duties owed to his firm and to his client, and the numerous aggravating factors, including a dishonest or selfish motive and a pattern of misconduct, we believe disbarment is necessary to protect the public and the legal profession. Even considering the mitigating circumstances, we cannot conclude that Cohen's conduct warrants any discipline other than disbarment. Thus, we respectfully dissent.

_____, J.
Hardesty

_____, J.
Stiglich

cc:  Chair, Southern Nevada Disciplinary Board
     William B. Terry, Chartered
     C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
     Kimberly K. Farmer, Executive Director, State Bar of Nevada
     Perry Thompson, Admissions Office, U.S. Supreme Court